# GUARANTY

This Guaranty ("**Guaranty**"), dated as of January 18, 2018, is made by Jason M. Cory (the "**Guarantor**"), an individual who resides at 221 Cherry Street, Neptune Beach, FL 32263, in favor and for the benefit of Keith M. Jensen, an individual who resides 1204 Plantation Village Drive, Dorado, Puerto Rico 00646, and as the General Member of Race Holdings, LLC (in both capacities the "**Subscriber**").

1. **Guaranty.** In consideration of the substantial direct and indirect benefits derived by the Guarantor from the investment by the Subscriber in the aggregate amount of $3,000,000 for shares of common stock (the "**Shares**") from Shared Labs, Inc., a Delaware corporation (the "**Company**") pursuant to the Subscription Agreements dated as of June 30, 2017 and January 10, 2018, by and between the Subscriber and the Company (the "**Subscription Agreement**"), and the Letter Agreement dated as of January 18, 2018 by and between the Guarantor and the Subscriber (the "**Letter Agreement**"), the parties hereby agree as follows:

1.1   The Guarantor absolutely, unconditionally and irrevocably guarantees, as primary obligor and not merely as surety, the payment of (i) an aggregate of $3,000,000; and (ii) such amounts equal to the Guaranteed Return set forth in the Letter Agreement (the "**Obligation**").

1.2   The Subscriber agrees and understands that in the event the Subscriber sells any or all of his Shares, the amount constituting the Obligation shall be reduced, dollar for dollar, by the sale price for such Shares, provided however, that in the event that Subscriber sells any or all Shares at price less than $3.07 per share, the Obligation shall be reduced by $3.07 per share sold, regardless of the actual amount received by Subscriber per Share.

1.3   Notwithstanding any provision herein contained to the contrary, the Guarantor's liability with respect to the Obligations shall be limited to the amount set forth herein without rendering such claim voidable or avoidable under Section 548 of the Bankruptcy Code or under any applicable state Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act or similar statute or common law.

1.4   The parties intend and agree that so long as any part of the unguaranteed portion of the Obligations remains unpaid, no payments on the Obligations shall be considered in whole or in part to be in satisfaction of the obligations of the Guarantor hereunder.

2. **Guaranty of Payment Absolute and Unconditional; Waivers.** This Guaranty is a guaranty of payment and is absolute. The Guarantor agrees that the Subscriber need not attempt to collect to realize upon any collateral to enforce the obligations hereunder, except that Subscriber must attempt to first collect the Guaranteed Return from the Company through Subscriber's receipt of a sufficient amount of Escrowed Common Stock (as defined in the Letter Agreement) equal to the Guaranteed Return.

The Guarantor guarantees that the Obligations will be paid strictly in accordance with the terms of the Letter Agreement, regardless of any law, regulation or order now or hereafter in effect in any jurisdiction affecting any of such terms or the rights of the Subscriber with respect thereto. The liability of the Guarantor under this Guaranty constitutes a primary obligation and not a contract of surety, and to the extent permitted by law, shall be irrevocable, continuing, absolute and unconditional.

The Guarantor hereby irrevocably waives any defenses it may now or hereafter have in any way relating to any or all of the following:

2.1   Any lack of validity or enforceability of the Obligations or any agreement or instrument relating thereto.

2.2   Any change in the time, manner or place of payment of, or in any other term of any of the Obligations, or any other amendment or waiver of, or any consent to depart from, the agreements entered into by the parties, including, without limitation, any increase in the Obligations.

2.3   Any taking, exchange, release, subordination or non-perfection of any collateral, or any taking, release or amendment or waiver of or consent to departure from any other guaranty, for all or any of the Obligations.

2.4   Promptness, diligence, notice of acceptance and any other notice with respect to any of the Obligations and this Guaranty and any requirement that the Subscriber exhausts any right or take any action against the Company or any other person or entity or any collateral. The Guarantor acknowledges that he will receive direct and indirect benefits from the financing arrangements contemplated herein and that the waiver set forth in this Section 2.4 is knowingly made in contemplation of such benefits.

2.5   The Guarantor hereby unconditionally and irrevocably waives any right to revoke this Guaranty and acknowledges that this Guaranty is continuing in nature and applies to all presently existing and future Obligations.

2.6   Any other circumstance (including, without limitation, any statute of limitations) or manner of administering the Obligations or any existence of or reliance on any representation by the Subscriber that might vary the risk of the Guarantor or otherwise operate as a defense available to, or a legal or equitable discharge of, any other guarantor or surety.

3.   **Representations and Warranties.** The Guarantor represents and warrants that the following are true and correct and that the Guarantor:

3.1   Is an adult individual and is *sui juris*.

Jason M. Cory's initials        Keith M. Jensen's initials

3.2   Is not under any restraint or is in any respect incompetent to enter into this Guaranty.

3.3   Does not, by the execution, delivery and performance of this Guaranty, contravene or cause a default under (a) any contractual restriction binding on or affecting the Guarantor, (b) any court decree or order binding on or affecting the Guarantor or (c) any requirement of law binding on or affecting the Guarantor.

3.4   Has received and reviewed the Subscription Agreements and Letter Agreement.

4.   **Miscellaneous.** The Parties further agree as follows:

4.1   **Waivers, Amendments, Remedies.** No course of dealing by the Subscriber and no failure by the Subscriber to exercise, or delay by the Subscriber in exercising, any right, remedy or power hereunder shall operate as a waiver thereof, and no single or partial exercise thereof shall preclude any other or further exercise thereof or the exercise of any other right, remedy or power of the Subscriber. No amendment, modification or waiver of any provision of this Guaranty and no consent to any departure by the Guarantor therefrom, shall, in any event, be effective unless contained in a writing signed by the Subscriber, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given. The rights, remedies and powers of the Subscriber, not only hereunder, but also under any instruments and agreements evidencing or securing the Obligations and under applicable law are cumulative, and may be exercised by the Subscriber from time to time in such order as the Subscriber may elect.

4.2   **Notices.** All notices or other communications given or made hereunder shall be in writing and shall be delivered by UPS or FedEx to the physical address listed below and/or sent by electronic means, in either event they shall only be deemed delivered when the other party responds to the notice or communication:

> Jason M. Cory
> 221 Cherry St.
> Neptune Beach, Florida 32263
> Jason.cory@sharedlabs.com
>
> Keith M. Jensen
> 1204 Plantation Village Drive
> Dorado, Puerto Rico 00646
> kj@jensen-law.com

4.3   **Term; Binding Effect.** This Guaranty shall (a) remain in full force and effect until payment and satisfaction in full of all of the Obligations; (b) be binding upon the Guarantor and its successors and permitted assigns; and (c) inure to the benefit of the

Jason M. Cory's initials          Keith M. Jensen's initials

Subscriber and its successors and assigns. Upon (i) receipt by the Subscriber of the Guaranteed Return as contemplated under the Letter Agreement; or (ii) upon the payment in full of the Obligations; or (iii) the purchase by the Guarantor of the Shares pursuant to Section 1.5 above, this Guaranty shall terminate automatically, without need of consent from the Subscriber, and the Subscriber will, upon the Guarantor's request and at the Guarantor's expense, execute and deliver to the Guarantor such documents as the Guarantor shall reasonably request to evidence such termination, all without any representation, warranty or recourse whatsoever.

4.4  **Satisfaction of Obligations.** For all purposes of this Guaranty, the payment in full of the Obligations shall be conclusively deemed to have occurred when the Obligations shall have been paid.

4.5  **Counterparties, Execution.** This Guaranty may be executed in any number of counterparts and by the different signatories hereto on separate counterparts, each of which, when so executed, shall be deemed an original, but all such counterparts shall constitute but one and the same instrument. This Guaranty may be executed by facsimile signature and delivered by facsimile transmission.

IN WITNESS WHEREOF, the parties hereto have executed this Guaranty as of the date first above written.

**ACCEPTED AND AGREED**:

JASON M. CORY, Individually
And as CEO of SharedLabs, Inc.

_____          1/20/18
                                   Date

KEITH M. JENSEN, Individually
and as General Member of Race
Holdings, LLC

_____          1.22.2018
                                   Date

Jason M. Cory's initials        Keith M. Jensen's initials

_____       _____