# GUARANTY

This Guaranty ("**Guaranty**"), dated as of June 30, 2017, is made by Jason M. Cory (the "**Guarantor**"), an individual who resides at 299 St Johns Forest Blvd, St Johns Florida, 32259, in favor and for the benefit of Keith M. Jensen, an individual who resides 6704 Blair Court, Fort Worth, Texas 76132 (the "**Subscriber**").

1. **Guaranty.** In consideration of the substantial direct and indirect benefits derived by the Guarantor from the investment by the Subscriber of $1,500,000 for shares of common stock (the "**Shares**") from Shared Labs, Inc., a Delaware corporation (the "**Company**") pursuant to the Subscription Agreement dated as of June __, 2017, by and between the Subscriber and the Company (the "**Subscription Agreement**") and the Letter Agreement dated as of June 30, 2017 by and between Glade Liquidity, LLC, for which the Guarantor is the manager, and the Subscriber (the "**Letter Agreement**"), the parties hereby agree as follows:

    1.1   The Guarantor absolutely, unconditionally and irrevocably guarantees, as primary obligor and not merely as surety, the punctual payment, when due, the entire amount of $1,800,000 if on the one (1) year anniversary of the date of issuance of the Shares, the Shares are worth $0 (the "**Obligations**"). To the extent the Shares are worth a minimum of $1,800,000 then the Guarantor shall not be responsible for the Obligations. The the extent that the Shares are worth more than $0 but less than $1,800,000, such portion of $1,800,000 that is not achieved by adding Jensen's sold and unsold shares plus the value of the 400,000 pledged shares on that date pursuant to the Letter Agreement, Cory shall be liable to Jensen for. By way of example, if the total is $1.4M, Cory shall be liable to Jensen for $400,000.

    1.2   Notwithstanding any provision herein contained to the contrary, the Guarantor's liability with respect to the Obligations shall be limited to the amount set forth herein without rendering such claim voidable or avoidable under Section 548 of the Bankruptcy Code or under any applicable state Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act or similar statute or common law.

    1.3   The parties intend and agree that so long as any part of the unguaranteed portion of the Obligations remains unpaid, no payments on the Obligations shall be considered in whole or in part to be in satisfaction of the obligations of the Guarantor hereunder.

2. **Guaranty of Payment Absolute and Unconditional; Waivers.** This Guaranty is a guaranty of payment and is absolute. The Guarantor agrees that the Subscriber need not attempt to collect any Obligations from the Company or to realize upon any collateral to enforce the obligations hereunder.

The Guarantor guarantees that the Obligations will be paid strictly in accordance with the terms of the Letter Agreement, regardless of any law, regulation or order now or hereafter in effect in any jurisdiction affecting any of such terms or the rights of the Subscriber with respect thereto. The liability of the Guarantor under this Guaranty constitutes a primary obligation and not a contract of surety, and to the extent permitted by law, shall be irrevocable, continuing, absolute and unconditional.

The Guarantor hereby irrevocably waives any defenses it may now or hereafter have in any way relating to any or all of the following:

2.1 Any lack of validity or enforceability of the Obligations or any agreement or instrument relating thereto.

2.2 Any change in the time, manner or place of payment of, or in any other term of any of the Obligations, or any other amendment or waiver of, or any consent to depart from, the agreements entered into by the parties, including, without limitation, any increase in the Obligations.

2.3 Any taking, exchange, release, subordination or non-perfection of any collateral, or any taking, release or amendment or waiver of or consent to departure from any other guaranty, for all or any of the Obligations.

2.4 Promptness, diligence, notice of acceptance and any other notice with respect to any of the Obligations and this Guaranty and any requirement that the Subscriber exhausts any right or take any action against the Company or any other person or entity or any collateral. The Guarantor acknowledges that it will receive direct and indirect benefits from the financing arrangements contemplated herein and that the waiver set forth in this Section 2.4 is knowingly made in contemplation of such benefits.

2.5 The Guarantor hereby unconditionally and irrevocably waives any right to revoke this Guaranty and acknowledges that this Guaranty is continuing in nature and applies to all presently existing and future Obligations.

2.6 Any other circumstance (including, without limitation, any statute of limitations) or manner of administering the Obligations or any existence of or reliance on any representation by the Subscriber that might vary the risk of the Guarantor or otherwise operate as a defense available to, or a legal or equitable discharge of, any other guarantor or surety.

3. **Representations and Warranties.** The Guarantor represents and warrants that the following are true and correct and that the Guarantor:

3.1 Is an adult individual and is *sui juris*.

3.2 Is not under any restraint or is in any respect incompetent to enter into this Guaranty.

3.3 Does not, by the execution, delivery and performance of this Guaranty, contravene or cause a default under (a) any contractual restriction binding on or affecting the Guarantor, (b) any court decree or order binding on or affecting the Guarantor or (c) any requirement of law binding on or affecting the Guarantor.

3.4 Has received and reviewed the Subscription Agreement and Letter Agreement.

4. **Miscellaneous.** The Parties further agree as follows:

4.1 **Waivers, Amendments, Remedies.** No course of dealing by the Subscriber and no failure by the Subscriber to exercise, or delay by the Subscriber in exercising, any right, remedy or power hereunder shall operate as a waiver thereof, and no single or partial exercise thereof shall preclude any other or further exercise thereof or the exercise of any other right, remedy or power of the Subscriber. No amendment, modification or waiver of any provision of this Guaranty and no consent to any departure by the Guarantor therefrom, shall, in any event, be effective unless contained in a writing signed by the Subscriber, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given. The rights, remedies and powers of the Subscriber, not only hereunder, but also under any instruments and agreements evidencing or securing the Obligations and under applicable law are cumulative, and may be exercised by the Subscriber from time to time in such order as the Subscriber may elect.

4.2 **Notices.** All notices or other communications given or made hereunder shall be in writing and shall be personally delivered or deemed delivered the first business day after being delivered by electronic means to the party to receive the same at its address set forth below or to such other address as either party shall hereafter give to the other by notice duly made under this Section:

Jason M. Cory
299 St. Johns Forest Blvd
St Johns Florida, 32259

Keith M. Jensen
6704 Blair Court
Fort Worth, Texas 76132

4.3 **Term; Binding Effect.** This Guaranty shall (a) remain in full force and effect until payment and satisfaction in full of all of the Obligations; (b) be binding upon the Guarantor and its successors and permitted assigns; and (c) inure to the benefit of the Subscriber and its successors and assigns. Upon the payment in full of the Obligations (i) this Guaranty shall terminate and (ii) the Subscriber will, upon the Guarantor's request

3

and at the Guarantor's expense, execute and deliver to the Guarantor such documents as the Guarantor shall reasonably request to evidence such termination, all without any representation, warranty or recourse whatsoever.

4.4  **Satisfaction of Obligations.** For all purposes of this Guaranty, the payment in full of the Obligations shall be conclusively deemed to have occurred when the Obligations shall have been paid.

4.5  **Counterparties, Execution.** This Guaranty may be executed in any number of counterparts and by the different signatories hereto on separate counterparts, each of which, when so executed, shall be deemed an original, but all such counterparts shall constitute but one and the same instrument. This Guaranty may be executed by facsimile signature and delivered by facsimile transmission.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the parties hereto have executed this Guaranty as of the date first above written.

JASON M. CORY

_____

ACCEPTED AND AGREED:

KEITH M. JENSEN

_____  7.1.2017